**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**HECTOR LUCIANO JIMENEZ PENALO,**<br>**RAPHI JOSEPH,**<br>**KEYLA MATEO,**<br>**DAVID SEBASTIAN FLAQUER NUNEZ, and**<br>**IRIS MASSIEL RICHARDSON DOMINGUEZ,**<br>**Defendants.** | **SUPERSEDING INDICTMENT**<br><br>**CRIMINAL NO. 2019-40**<br><br>**VIOLATIONS:**<br>**Title 18, United States Code, Section 1341**<br>**Title 18, United States Code, Section 1349**<br>**Title 18, United States Code, Section 2314**<br>**Title 18, United States Code, Section 1028A** |

**THE GRAND JURY CHARGES:**

## INTRODUCTION

At all times relevant to this Superseding Indictment:

1. Raphi Joseph ("Joseph") was a resident of St. Thomas, VI.

2. Hector Luciano Jimenez Penalo ("Jimenez") was a resident of St. Thomas, VI.

3. David Sebastian Flaquer Nunez ("Flaquer") was a citizen of the Dominican Republic, sometimes residing Florida.

4. Keyla Mateo ("Mateo") was a resident of Bronx, New York.

5. Iris Massiel Richardson Dominguez ("Richardson") was a sometime resident of New York, New York.

6. Customers generally maintained cellular telephones ("cell phones") by establishing accounts with cell phone carriers in the name of each individual customer. A customer could add cell phones to his or her respective account, but in order to do so, he or she was required for verification purposes to provide the cell phone carrier with the customer's personal identifying

information, including but not limited to the customer's name and cell phone number.

7. Cellular Company 1 was a cell phone carrier based in Overland Park, KS.

8. Cellular Company 2 was a cell phone carrier based in Dallas, TX.

9. An Internet protocol ("IP") address was a numerical representation that uniquely identified a specific interface or device accessing the Internet.

10. A peer-to-peer computer network was a decentralized group of computers that shared files and access to devices without the need for a separate server computer.

## THE DARK WEB AND CRYPTO-CURRENCIES

11. The Dark Web refers to Internet web sites, including online marketplaces, only accessible by anonymizing web browsers such as The Onion Router ("Tor"). Such browsers mask the actual IP addresses of those who use the browsers by effectively bouncing users' communications around a distributed network of relay computers all over the world.

12. Many Dark Web marketplaces further anonymize their transactions by requiring customers to pay for items by using digital currencies, which are electronically sourced units of value that exist on the Internet and are not stored in physical form. Such currencies are not issued by any government, but instead are generated and controlled through computer software operating on decentralized peer-to-peer networks. Digital currency transactions are often recorded on a publicly available ledger known as a blockchain. Because digital currencies are transferred peer-to-peer, users can avoid traditional, regulated financial institutions that collect information about their customers and maintain anti-money laundering and anti-fraud programs.

**COUNT ONE**
*(Conspiracy to Commit Mail Fraud)*

13. The factual allegations contained in Paragraphs 1 through 12 of this Superseding Indictment are re-alleged and incorporated as if fully set forth herein.

14. Between on or about May 2, 2018 to on or about July 11, 2018, the defendants, **HECTOR LUCIANO JIMENEZ PENALO, RAPHI JOSEPH, KEYLA MATEO, DAVID SEBASTIAN FLAQUER NUNEZ, and IRIS MASSIEL RICHARDSON DOMINGUEZ,** and other persons, both known and unknown to the Grand Jury, did knowingly and unlawfully conspire, combine, confederate, and agree together to commit an offense against the United States, to wit: to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did knowingly cause to be delivered by mail and any private and commercial interstate carrier any matter and thing according to the direction thereon, in violation of Title 18, United States Code, Section 1341.

MANNERS AND MEANS

15. It was part of the conspiracy and scheme and artifice that FLAQUER would and did obtain the lists of customers of Cellular Company 1 and Cellular Company 2, via purchases on Dark Web marketplaces. Such lists included the name and telephone number for each customer.

16. It was further part of the conspiracy and scheme and artifice that RICHARDSON and unknown co-conspirators would and did contact the aforementioned customers of Cellular Company 1 and Cellular Company 2, and impersonate representatives of such customers' cell-phone carriers in order to obtain additional cell phone account information.

17. It was further part of the conspiracy and scheme and artifice that RICHARDSON

and unknown co-conspirators would and did contact Cellular Company 1 and Cellular Company 2 and, using the aforementioned cell phone account information, add cell phones to said accounts without the permission of the customers.

18. It was further part of the conspiracy and scheme and artifice that none of the co-conspirators, including JIMENEZ, JOSEPH, MATEO, FLAQUER, and RICHARDSON would legitimately pay for the fraudulently-obtained items.

19. It was further part of the conspiracy and scheme and artifice that the cell phone carriers were directed to mail the fraudulently-obtained cell phones to the respective addresses of JOSEPH and other co-conspirators. Such packages were clearly marked with the name of the legitimate individual, not the name of JOSEPH or other co-conspirators.

20. It was further part of the conspiracy and scheme and artifice that JOSEPH, JIMENEZ, and other co-conspirators, after receiving the fraudulently-obtained cell phones in the name of the legitimate customer, would and did mail the fraudulently-obtained cell phones to MATEO and others in the mainland United States to be sold.

THE PACKAGES

21. In furtherance of the conspiracy and to execute the scheme and artifice, JIMENEZ, JOSEPH, FLAQUER, MATEO, and RICHARDSON, and other persons, known and unknown to the Grand Jury, on or about the dates set forth below sent and caused to be sent through mail and private and commercial interstate carriers the following:

| Subparagraph | Date | Item |
|---|---|---|
| a) | May 2, 2018 | Cellular Company 2 order number 22-238294443096350, containing two fraudulently- |

| | | |
|---|---|---|
| | | obtained cell phones |
| b) | May 2, 2018 | Cellular Company 2 order number 22-238294447542170, containing one fraudulently-obtained cell phone |
| c) | May 14, 2018 | Cellular company 2 order number 22-438323073977261, containing one fraudulently-obtained cell phone |
| d) | May 16, 2018 | Cellular Company 2 order number 22-338327323459631, containing one fraudulently-obtained cell phone |
| e) | May 17, 2018 | Cellular Company 1 order number 14134543, containing two fraudulently-obtained cell phones |
| f) | May 24, 2018 | Cellular Company 1 order number 14169978, containing two fraudulently-obtained cell phones |
| g) | May 28, 2018 | Cellular Company 1 order number 14185545, containing four fraudulently-obtained cell phones |
| h) | May 28, 2018 | Cellular Company 1 order number 14184760, containing four fraudulently-obtained cell phones |
| i) | May 30, 2018 | Cellular Company 1 order number 14193439, containing two fraudulently-obtained cell phones |
| j) | May 30, 2018 | Cellular Company 1 order number 14193441, containing two fraudulently-obtained cell phones |

| | | |
|---|---|---|
| k) | May 30, 2018 | Cellular Company 1 order number 14194458, containing two fraudulently-obtained cell phones |
| l) | May 30, 2018 | Cellular Company 1 order number 14194419, containing two fraudulently-obtained cell phones |
| m) | June 2, 2018 | Package of 15 cell phones sent from JOSEPH in St. Thomas, VI, intended for delivery in Bronx, NY |
| n) | June 4, 2018 | Package of 6 cell phones sent from JOSEPH in St. Thomas, VI, intended for delivery in Bronx, NY. |
| o) | June 6, 2018 | Cellular Company 1 order number 14233179, containing four fraudulently-obtained cell phones |
| p) | June 6, 2018 | Cellular Company 1 order number 14233139, containing three fraudulently-obtained cell phones |
| q) | June 12, 2018 | Cellular Company 1 order number 14263016, containing four fraudulently-obtained cell phones |
| r) | June 12, 2018 | Cellular Company 1 order number 14264674, containing three fraudulently-obtained cell phones |
| s) | June 26, 2018 | Cellular Company 1 order number 14335700, containing four fraudulently-obtained cell phones |

| | | |
|---|---|---|
| t) | July 11, 2018 | Cellular Company 2 order number 22-238462358053386, containing one fraudulently-obtained cell phone |

All in violation of Title 18, United States Code, Section 1349.

**COUNTS TWO THROUGH SIX**
*(Mail Fraud)*

22. The factual allegations contained in Paragraphs 1 through 21 of this Superseding Indictment are re-alleged and incorporated as if fully set forth herein.

23. On or about the dates listed below, in the District of the Virgin Islands and elsewhere, the defendant,

**RAPHI JOSEPH,**

for the purpose of executing or attempting to execute the scheme and artifice described in Count One of this Indictment, knowingly took and received from an authorized repository for mail and private and commercial interstate carrier the following matters:

| Count | Date | Matter |
|---|---|---|
| 2 | May 17, 2018 | Cellular Company 1 order number 14134543, containing two fraudulently-obtained cell phones |
| 3 | June 6, 2018 | Cellular Company 1 order number 14233179, containing four fraudulently-obtained cell phones |
| 4 | June 6, 2018 | Cellular Company 1 order number 14233139, containing three fraudulently-obtained cell phones |

All in violation of Title 18, United States Code, Section 1341.

24. On or about the dates listed below, in the District of the Virgin Islands and elsewhere, the defendant

**RAPHI JOSEPH,**

for the purposes of executing and attempting to execute the scheme and artifice described in Count One of this Indictment, knowingly placed in an authorized depository for mail, to be sent and delivered by the Postal Service, the following matters:

| Count | Date | Matter |
|---|---|---|
| 5 | June 2, 2018 | Package of 15 cell phones sent from JOSEPH in St. Thomas, VI, intended for delivery to MATEO in Bronx, NY |
| 6 | June 4, 2018 | Package of 6 cell phones sent from JOSEPH in St. Thomas, VI, intended for delivery to MATEO in Bronx, NY. |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS SEVEN THROUGH ELEVEN
*(Mail Fraud)*

25. The factual allegations contained in Paragraphs 1 through 21 of this Superseding Indictment are re-alleged and incorporated as if fully set forth herein.

26. On or about the dates listed below, in the District of the Virgin Islands and elsewhere, the defendants,

**HECTOR LUCIANO JIMENEZ PENALO, KEYLA MATEO, DAVID SEBASTIAN FLAQUER NUNEZ, and IRIS MASSIEL RICHARDSON DOMINGUEZ,**

for the purpose of executing or attempting to execute the scheme and artifice described in Count One of this Indictment, knowingly caused to be delivered by mail and private and commercial interstate carrier the following matters:

| Count | Date | Matter |
|---|---|---|
| 7 | May 17, 2018 | Cellular Company 1 order number 14134543, containing two fraudulently-obtained cell phones |
| 8 | June 6, 2018 | Cellular Company 1 order number 14233179, containing four fraudulently-obtained cell phones |
| 9 | June 6, 2018 | Cellular Company 1 order number 14233139, containing three fraudulently-obtained cell phones |

All in violation of Title 18, United States Code, Section 1341.

27. On or about the dates listed below, in the District of the Virgin Islands and elsewhere, the defendants

**HECTOR LUCIANO JIMENEZ PENALO, KEYLA MATEO, DAVID SEBASTIAN FLAQUER NUNEZ, and IRIS MASSIEL RICHARDSON DOMINGUEZ,**

for the purposes of executing and attempting to execute the scheme and artifice described in Count One of this Indictment, knowingly caused to be placed in an authorized depository for mail, to be sent and delivered by the Postal Service, the following matters:

| Count | Date | Matter |
|---|---|---|
| 10 | June 2, 2018 | Package of 15 cell phones sent from JOSEPH in St. Thomas, VI, intended for delivery to MATEO in Bronx, NY |
| 11 | June 4, 2018 | Package of 6 cell phones sent from JOSEPH in St. Thomas, VI, intended for delivery to MATEO in Bronx, NY. |

All in violation of Title 18, United States Code, Section 1341.

**COUNT TWELVE**

(*Transportation of Stolen Goods*)

28. The factual allegations contained in Paragraphs 1 through 21 of this Superseding Indictment are re-alleged and incorporated as if fully set forth herein.

29. On or about June 2, 2018, in the District of the Virgin Islands and elsewhere, the defendants,

**HECTOR LUCIANO JIMENEZ PENALO, RAPHI JOSEPH, KEYLA MATEO, DAVID SEBASTIAN FLAQUER NUNEZ, and IRIS MASSIEL RICHARDSON DOMINGUEZ,**

aiding and abetting each other and others known and unknown to the Grand Jury, did unlawfully transport, transmit, and transfer in interstate commerce from St. Thomas, Virgin Islands, to Bronx, New York, stolen goods, wares, and merchandise, that is, phones, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud.

All in violation of Title 18, United States Code, Sections 2314 and 2.

**COUNT THIRTEEN**

(*Transportation of Stolen Goods*)

30. The factual allegations contained in Paragraphs 1 through 21 of this Superseding Indictment are re-alleged and incorporated as if fully set forth herein.

31. On or about June 4, 2018, in the District of the Virgin Islands and elsewhere, the defendants,

**HECTOR LUCIANO JIMENEZ PENALO, RAPHI JOSEPH, KEYLA MATEO, DAVID SEBASTIAN FLAQUER NUNEZ, and IRIS MASSIEL RICHARDSON DOMINGUEZ,**

aiding and abetting each other and others known and unknown to the Grand Jury, did unlawfully

transport, transmit, and transfer in interstate commerce from St. Thomas, Virgin Islands, to Bronx, New York, stolen goods, wares, and merchandise, that is, phones, of the value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud.

All in violation of Title 18, United States Code, Sections 2314 and 2.

**COUNTS FOURTEEN THROUGH SEVENTEEN**
(*Aggravated Identity Theft*)

32. The factual allegations contained in Paragraphs 1 through 21 of this Superseding Indictment are re-alleged and incorporated as if fully set forth herein.

33. On or about the dates listed below, in the District of the Virgin Islands and elsewhere, the defendants,

**HECTOR LUCIANO JIMENEZ PENALO, RAPHI JOSEPH, KEYLA MATEO, DAVID SEBASTIAN FLAQUER NUNEZ, and IRIS MASSIEL RICHARDSON DOMINGUEZ,**

aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, during and in relation to an offense in this Superseding Indictment, that is, the defendants knowingly used the name and telecommunication identifying information and access device of an actual person known to the Grand Jury and identified by the person's initials as set forth below, to commit mail fraud conspiracy, in violation of 18 U.S.C. § 1349.

| Count | Date | Initials |
|---|---|---|
| 14 | May 16, 2018 | D.D. |
| 15 | May 17, 2018 | O.F. |
| 16 | May 28, 2018 | K.S. |
| 17 | May 28, 2018 | N.B. |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**FORFEITURE ALLEGATION**

1. The allegations contained in Counts One through Eleven of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1349 set forth in Count One, or the offense in violation of Title 18, United States Code, Section 1341 set forth in Counts Two through Eleven of this Superseding Indictment, the defendants, **HECTOR LUCIANO JIMENEZ PENALO, RAPHI JOSEPH, KEYLA MATEO, DAVID SEBASTIAN FLAQUER NUNEZ, and IRIS MASSIEL RICHARDSON DOMINGUEZ,** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section

2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

**GRETCHEN C.F. SHAPPERT**
**United States Attorney**

**Nathan Brooks**
Assistant United States Attorney
United States Attorney's Office, District of the Virgin Islands
5500 Veterans Drive, Suite 260
St. Thomas, Virgin Islands 00802
Telephone (340) 715-9417
Nathan.Brooks@usdoj.gov

Rec'd.DCVI-ST 03 18'21 PM05:09

DISTRICT COURT OF THE VIRGIN ISLANDS: Returned a True Bill into the District Court 18th day of March 2021, by Grand Jurors and filed.

**HONORABLE RUTH MILLER**
United States Magistrate Judge
District of the Virgin Islands